UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRUCE B. WILLIAMS,

    Plaintiff,

v.                                                             Case No:   6:14-cv-1813-Orl-22TBS

ORLANDO POLICE DEPARTMENT and
ORANGE COUNTY COURTS,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Leave to Proceed *in forma pauperis*. (Doc 2).   Upon due consideration I respectfully recommend that the motion be denied and that Plaintiff's second amended complaint (Doc. 6) be dismissed with prejudice.

### I.  Background

On November 6, 2014, Plaintiff Bruce B. Williams filed his complaint against Defendants Orlando Police Department (OPD) and Orange County Courts, as well as a motion for leave to proceed *in forma pauperis*.  (Doc. 1, 2).   In Count 1, Plaintiff alleged that the OPD violated his rights under the Fourth, Fifth, and Eighth Amendments by falsely arresting him on August 13, 2013.  (Id., p. 2).   As a result of his arrest, he was detained until the prosecutor decided to drop the charges 106 days later.  (Id.).   In Count 2, Plaintiff alleged that the Orange County Courts violated his Sixth, Eighth, and Fourteenth Amendment rights based upon the manner in which his case was handled. (Id., p. 3).   Specifically, Plaintiff alleged that Judges Jerry Brewer and Wayne Shoemaker violated his rights when they denied his motion for release and that Judge Janet Thorpe

made derogatory comments about him in the courtroom and said he was guilty. (Id.). In Count 3, Plaintiff alleged that Defendants violated his Fourteenth Amendment rights when his van was auctioned off after his request for a hearing in state court was denied. (Id., p. 4).

On November 12, I entered an order taking Plaintiff's motion for leave to proceed *in forma pauperis* under advisement and gave him an opportunity to amend his complaint. (Doc. 3). In that Order, I explained that Plaintiff's complaint was deficient because he had failed to identify any unconstitutional policy or practice of either Defendant that caused his alleged injury. (Id., p. 3). I also explained that Plaintiff should file an amended complaint that complied with the requirements Rules 8-11 of the Federal Rules of Civil Procedure, particularly Rule 10's requirement that the complaint set forth allegations in numbered paragraphs. (Id., p. 4).

On November 20, 2014, Plaintiff filed his amended complaint, which was just three paragraphs long, and failed to address any of the defects noted in my earlier Order. (Doc. 4). The amended complaint cited § 1985(c) in addition to § 1983, but made no effort to plead the elements of a cause of action under § 1985(c). (Id.). On November 24, I entered my report and recommendation finding that Plaintiff had once again failed to state a claim because he did not identify any unconstitutional policy or practice of either Defendant that caused his alleged injury. (Doc. 5).

On December 1, 2014, Plaintiff filed his second amended complaint. (Doc. 6). By order entered the same day, the Court accepted the second amended complaint, terminated my report and recommendation as moot, and re-referred the *in forma pauperis* motion to me to prepare a report and recommendation on whether the second amended complaint states a claim on which the Court can grant relief. (Doc. 7).

Plaintiff's second amended complaint contains some new factual allegations. For example, he now alleges that Judge Thorpe told him that he wouldn't see his van again and he needed to "grow up." (Doc. 6, p. 2). Plaintiff also alleges that everyone involved in his case is a Caucasian. (Id.). But for the most part, the allegations in the second amended complaint parallel those of the original complaint. (See Docs. 1, 6). Plaintiff also includes a new citation of law, specifically to FLA. STAT. § 166.0493, which requires municipal law enforcement agencies to adopt anti-racial profiling policies. (Id.)

## II. Discussion

An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794,

795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff is attempting to assert claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Section 1983 provides a cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. The purpose of this section "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 does not create new substantive rights, but is merely a vehicle for vindicating federal rights elsewhere conferred. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979).

Plaintiff has named as Defendants not individual persons, but government entities: the Orlando Police Department and the Orange County Courts.[1] Although Section 1983

---

[1] Although Plaintiff states in his amended complaint that he is also "bringing his case against" three county court judges, the caption of his complaint identifies only OPD and Orange County Courts as defendants. If Plaintiff wishes to name other parties as defendants in this case, he must include them in

does not authorize actions against states themselves or their agencies, it does authorize actions against governmental subdivisions of a state and agencies of those subdivisions.[2] To state a claim under § 1983 against such a defendant, the plaintiff must "allege that a constitutional deprivation was caused by an official policy or custom" of the defendant. Arlotta v. Bradley Center, 349 F.3d 517, 521-22 (7th Cir. 2005); see also Monell v. Dep't of Soc. Serv. of City of New York, 436 U.S. 658, 694 (1978). To survive dismissal, Plaintiff must describe the unconstitutional policy or custom that gave rise to his injuries. See, e.g., Thomas v. City of New Orleans, 883 F. Supp. 2d 669, 690 (E.D. La. 2012); Brown v. City and County of San Francisco, No. C 11-02162 LB, 2011 WL 5025138, at *3 (N.D. Cal. Oct. 20, 2011). None of Plaintiff's pleadings contain even a bare allegation that his injuries were caused by an unconstitutional policy or custom, much less describe such policy or custom.

To state a claim under 42 U.S.C. § 1985(c), a plaintiff must allege (1) a conspiracy (2) for purpose of depriving a person or class of persons equal protection of the law or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) injury or deprivation to the plaintiff as a result. Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627-28 (11th Cir. 1992) (citing United Brotherhood of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)). "A conspiracy is an agreement between two or more individuals to deprive a person of some protected right, where one individual acts in furtherance of the objective of the conspiracy, which causes

---

the caption. FED. R. CIV. P. 10(a). Plaintiff should also be aware that judicial officers are immune from suit under § 1983 for judicial acts. Stump v. Sparkman, 435 U.S. 349, 359 (1978).

[2] The Orlando Police Department is plainly an agency of a governmental subdivision of Florida (the City of Orlando). And, it is at least arguable that Florida's courts are arms of the state rather than their respective home counties, but the Court need not resolve that question because Plaintiff's complaint fails to state a claim against the Orange County Courts in either case.

an actual injury to a person or property, or deprives a person of exercising any right or privilege as a United States citizen." Rios v. Navarro, 766 F. Supp. 1158, 1162 (S.D. Fla. 1991). The second element of the test requires Plaintiff to show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' actions." Lucero, 954 F.2d at 628 (citing Scott, 463 U.S. at 829). Plaintiff has failed to state a claim under § 1985(c) because he has not pled facts showing the existence of a conspiracy. Specifically, he has not pled the existence of an agreement between the Defendants. He has also failed to allege that Defendants were motivated by any "racial, or ... otherwise class-based, invidiously discriminatory animus."

The Court has, on two occasions, explained to Plaintiff that he cannot sue municipal defendants for alleged deprivation of his constitutional rights unless the deprivation resulted from the defendant's policy or custom. Both times, Plaintiff failed to identify or even allege the existence of an official policy or custom that caused the deprivation of his constitutional rights. He has also failed to identify in his second amended complaint any agreement or allege that the Defendants were motivated by racial bias, even though I explained in my previous report and recommendation that these were necessary elements of a § 1985 claim. Because Plaintiff made no attempt in his second amended complaint to cure the defects I specifically brought to his attention at least once before, there is no reason to believe he will cure them in a third amended complaint. Accordingly, I find that further leave to amend is unwarranted and recommend that the case be dismissed with prejudice. Cf. Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. Recommendation

Because Plaintiff's second amended complaint fails to state a claim against either Defendant, and because Plaintiff has repeatedly failed to cure deficiencies in his pleadings that were brought to his attention by the Court, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) and **DISMISS** this case with prejudice.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on November 24, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Plaintiff *pro se*
    Counsel of Record
    Other Unrepresented Parties